# Commonwealth ex rel. *v.* Riebsamen, and the Ætna Casualty and Surety Company (Garnishee), Appellant.

*Sureties—Bonds—Funds deposited to secure surety—Liability for seizure.*

Funds deposited by the principal with a surety company, on a bond to indemnify the company against loss and expense incurred under bond given for the support of the principal's wife and to keep the peace, are not funds of the principal, and as such, subject to a warrant of seizure under the Acts of March 31, 1812, 5 Sm. Laws 391, and June 13, 1836, P. L. 539, until the liability under such bond is determined and the expense paid.

234, (1920).]          Syllabus—Arguments.

Until the discharge of the liability on such bonds, the principal had no funds in the hands of the surety company subject to a warrant of seizure, and when such liability was released, the warrant was effective to seize only such amount as the principal himself could have recovered from the surety company. If, by reason of its having executed such bonds, it had incurred counsel fees and expenses in any proceeding growing out of them, or either of them, it could properly deduct a reasonable amount paid in connection therewith, before making settlement with the principal. It had a similar right when attached under warrant of seizure, for this process reached only the funds that the principal himself could have demanded. It attached no higher right than he had.

Argued October 12, 1920.    Appeal, No. 196, Oct. T., 1920, by Ætna Casualty and Surety Company, from the order and decree of the Municipal Court of Philadelphia, Aug. T., 1919, No. 1, confirming warrant of seizure in the case of Commonwealth ex rel. v. Harry E. Riebsamen and Ætna Casualty and Surety Company, Garnishee. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Complaint for desertion. Before MCNICHOL, J.

From the record it appears that a warrant of seizure was issued, which was subsequently confirmed by the municipal court.

The facts appear by the opinion of the Superior Court.

*Error assigned,* among others, was in confirming the warrant of seizure.

*William H. Peace,* and with him *Alfred D. Wiler,* for appellant.—The warrant of seizure could only seize or attach goods or chattels, rent and profits of the principal: Act of June 13, 1836, (Smith's Laws of Penna., vol. 5, page 547) ; Sterling v. Com., 2 Grant 165; Com. v. Bradley, 23 D. R. 194; Worrell's App., 61 Pa. 106; Allegheny Savings Bank v. Meyer, 59 Pa. 361; McCallum v. Lockhart, 179 Pa. 427.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Board of Charities, etc., v. Kennedy, 3 D. R. 231; Philadelphia Board of Charities v. Lockard, 198 Pa. 572; Philadelphia v. Meredith, 49 Pa. Superior Ct. 600.

OPINION BY KELLER, J., December 10, 1920:

Under appropriate proceedings in the municipal court Harry E. Riebsamen was ordered to pay his wife, Essie Riebsamen, fifteen dollars per week for her support and to give bond in the sum of $300 for the faithful performance of said order. By virtue of a separate proceeding he was directed to file a bond in the sum of $500 conditioned that he keep the peace and stay away from one May Ebert. The appellant became his surety on both bonds.

As security for this action Riebsamen deposited with the appellant $800 in money and executed two written agreements of indemnity, which provided that the surety might use and apply this money or any part thereof "to reimburse itself for all loss, damages, costs, charges, counsel fees, expenses and premiums due and unpaid, that the surety shall or may for any cause or at any time sustain or incur, by reason or in consequence of having executed the bond or undertaking or in consequence of the execution of any other bond or undertaking on behalf of the indemnitor [Riebsamen]."

Riebsamen subsequently absconded and the appellant by leave of court paid into court $300 in discharge of its liability on the bond given in the support proceedings.

On petition of the Department of Public Health and Charities setting forth that said Riebsamen had money, rights and credits in the hands of the appellant which should contribute to the support of his wife, a warrant of seizure was issued under the provisions of the Acts of March 31, 1812, 5 Smith's Laws, 391, p. 393, and June 13, 1836, P. L. 539, p. 547, attaching the goods and chat-

tels, rights and credits of said Riebsamen in the hands of the appellant and summoning it as garnishee.

The appellant answered that it had received five hundred dollars from said Riebsamen to protect its liability on said bond to keep the peace, but that until such liability was ended it had no funds belonging to said defendant and available under said process; and set forth that it had incurred expenses and charges including counsel fees on behalf of said defendant in connection with said bonds, amounting to $200 and that if its liability on said bond was ended it would have $300 subject to the order of the court.

Proceedings were then had, which were joined in by the appellant, by which the bond for $500 given on the surety of the peace hearing was cancelled and the liability of the appellant thereunder was discharged. Thereupon the appellant filed a supplemental answer setting forth that by virtue of said discharge of liability on said bond it had in its hands $300 subject to the order of the court in said warrant of seizure proceedings.

The court confirmed the warrant of seizure in the sum of $300 and continued the hearing on the answer for one week with leave to file an amended answer.

The appellant filed its amended answer or second supplemental answer, in which it set forth the whole matter fully and in detail and claimed to have paid its counsel $200 for counsel fees and incidental expenses incurred in consequence of the execution of said bonds and in defending itself in connection therewith and that said sum was properly applicable from the funds in its hands before any order in the premises could be made. It also averred that said charge was a reasonable one covering services in various proceedings for nearly a year and involving appearances in three courts, the drawing of several petitions and answers in three separate proceedings, and numerous conferences.

The court confirmed the warrant of seizure in the sum of $500, allowed appellant a garnishee fee of $13.50 and

ordered that as such garnishee it pay to the clerk of the municipal court the sum of $486.50, being the remainder of said fund of $500, so in its hands, said sum less costs to be paid by the clerk of the court to the wife of said defendant. This appeal followed.

Until the liability on its bond was discharged the appellant had no funds subject to the warrant of seizure, and upon such liability being released, the warrant was effective to seize only such amount as Riebsamen himself could have recovered from appellant. If by reason of its having executed said bonds it had incurred counsel fees and expenses in any proceeding growing out of them or either of them,—not merely in the warrant of seizure proceedings—it could properly deduct a reasonable amount paid in connection therewith before making settlement with Riebsamen and it had a like right when attached under the warrant of seizure, for this process reached only the funds that Riebsamen himself could have demanded; it attached no higher right than he had: Thomas v. McCready, 5 S. & R. 387.

The answer set forth in some detail what services these counsel fees covered and the foregoing statement of facts shows that they were not inconsiderable; but if their reasonable value was disputed, the amount should have been determined by a jury in an issue framed for that purpose. The court had no power summarily to disallow it all except a garnishee's fee of $13.50.

The order is reversed with a procedendo. Costs to be paid by appellee.